E.O.D. 8/5/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

02 AUG -2  PM 5:14

| | |
|---|---|
| RETRACTABLE TECH., INC. | § |
| | § |
| *V.* | § |
| | § |
| BECTON DICKINSON, ET AL. | § |

5:01-CV-36

## MEMORANDUM OPINION and ORDER

Defendants VHA, Inc., Novation, L.L.C., Premier Inc, and Premier Purchasing Partners,

L.P. (collectively "Premier"), and Becton Dickinson and Company ("Becton"), each filed

motions to dismiss Plaintiff Retractable Technologies, Inc. (RTI)'s Second Amended Complaint

(Dkt. Nos. 53 and 54, respectively). Defendants Tyco International (US) Inc. and Tyco

Healthcare Group LP ("Tyco") filed a motion to dismiss and a motion for summary judgment.

(Dkt. No. 57). On June 28, 2002, the Court held a hearing on these motions. The Court hereby

**DENIES** Defendants' motions to dismiss, and **DENIES without prejudice subject to refiling**

Tyco's Motion for Summary Judgment.

### I

### BACKGROUND

RTI designs, develops, manufactures, and markets disposable syringes and blood

collection tube holders that have retractable needles. RTI claims that its needles represent a

major breakthrough in safety for healthcare workers, as its design helps prevent accidental

needle sticks. RTI argues that its product, which is unique in its safety design, would enjoy a

greater market share if it were not for the monopolistic and anti-competitive behavior of

Defendants. In its Second Amended Complaint (SAC), RTI charges Defendants with violating

1

166

## EXHIBIT C

the state and federal antitrust acts, and brings charges of a state antitrust conspiracy to monopolize, tortious interference with business relationships, business disparagement, and common law conspiracy.

Defendants in the case are manufacturers of competing hospital equipment and group purchasing organizations (GPOs). GPO's are groups of hospitals and other health care organizations that aggregate their purchasing power in order to obtain lower prices on drugs, medical devices, and other goods. They act as middlemen between manufacturers and healthcare providers. Defendants Becton Dickinson and Tyco manufacture disposable safety needles, syringes and blood collection devices, making them direct competitors of RTI. Defendants Novation and Premier are GPOs, which means that they do not manufacture, handle, or ship medical devices.

Defendants previously filed motions to dismiss RTI's Complaint, arguing that RTI failed to state its claims specifically and instead made conclusory antitrust allegations. On December 19, 2001, the Court Ordered RTI to replead its Complaint, specifying areas where the Court desired greater detail. In their current motions to dismiss, Defendants again assert that RTI's claims are insufficiently pled. In addition, Tyco brings a motion for summary judgment, arguing that RTI's antitrust claims against it are precluded as a matter of law.

## II

## STANDARD

### A.  Motions to Dismiss

Under the Federal Rules of Civil Procedure, Rule 12(b)(6) motions to dismiss are appropriate where the defendant or counter-plaintiff attacks the complaint because it fails to state a legally cognizable claim. A motion to dismiss an action for failure to state a claim "admits the

EXHIBIT C

facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). "It is axiomatic

that a motion to dismiss an action for failure to state a claim upon which relief can be granted

admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon

those facts." *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1966).

The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out

by the United States Supreme Court in *Conley v. Gibson*:

> [I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule
> that a complaint should not be dismissed for failure to state a claim unless it appears
> beyond doubt that the plaintiff can prove no set of facts in support of his claim which
> would entitle him to relief. 355 U.S. 41, 45-46 (1957); see also *Grisham v. United States*,
> 103 F.3d 24, 25-26 (5th Cir. 1997).

Subsumed within the *Conley* standard is the requirement that the plaintiff state its case with

enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently

alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

**B.     Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure allows a court to grant summary

judgment on issues presenting no genuine issue of material fact. Summary judgment is

appropriate when, "the nonmoving party has failed to make a sufficient showing on an essential

element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).

The party seeking summary judgment bears the initial burden of informing the court of

the basis of its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, admissions on file and affidavits, if any, which it believes demonstrate the

absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323.   Once the moving

3

<u>EXHIBIT C</u>

party has properly supported its motion, the burden shifts to the party opposing summary

judgment to demonstrate genuine issues of material fact. *See id.* at 324. The nonmoving party,

"must do more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The proof must

be of such quality that, "a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue

for trial." *Matsushita*, 475 U.S. at 586-87. Finally, the Court must decide all reasonable doubts

and inferences in the light most favorable to the non-moving party. *See Lemelle v. Universal*

*Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir.1994).

## III

## DISCUSSION

### A.   Antitrust Claims

In an antitrust case, it is insufficient to merely cite the relevant antitrust language to state

a claim for relief. A plaintiff must allege "sufficient facts to support a cause of action under the

antitrust laws. Conclusory allegations that the defendant violated these laws are insufficient."

*Lone Star Milk Producers, Inc. v. Dairy Farmers of America, Inc.*, 2001 U.S. Dist. LEXIS

18716;  *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022,

1024 (10th Cir.1992); *see also Campbell v. Wells Fargo Bank*, 781 F.2d 442 (5th Cir.1986). To

survive a Rule 12(b)(6) challenge, claims under the Sherman Antitrust Act must include

"allegations covering all the elements that comprise the theory for relief." *United States v.*

*Employing Plasterers Ass'n*, 347 U.S. 186, 189 (1954); *Estate Contr. Co. v. Miller & Smith*

*Holding Co.*, 14 F.3d 213, 220-21 (4th Cir.1994);  *Municipal Utilities Bd. of Alberville v.*

4

EXHIBIT C

*Alabama Power Co.*, 934 F.2d 1493, 1501 (11th Cir.1991) ("A plaintiff must plead sufficient

facts so that each element of the alleged antitrust violation can be identified"); *Nelligan v. Ford*

*Motor Co.*, 262 F.2d 556, 559 (4th Cir.1959) ("[A] complaint which does not allege with

reasonable definiteness facts from which the court may infer conduct in restraint of trade of the

kind prohibited by the antitrust laws, and from which an inference of public injury may

reasonably be extracted, cannot be sustained.").

> While a plaintiff must plead facts concerning every element of his antitrust claim, there is

no heightened pleading requirement in antitrust cases. *See Lone Star, supra.; Hammes v.*

*AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *Nagler v. Admiral Corporation*,

248 F.2d 319 (2nd Cir. 1957). Thus, an antitrust plaintiff is not required to plead the particulars

of his or her claim. *See Lone Star, supra; see also Hammes, supra.* Provided the plaintiff has

described a defendant's practice in a manner consistent with its antitrust theory, the court

considers only whether other allegations made in the complaint undermine the claim. *See*

*Hammes, supra* at 782. In cases where it is uncertain whether relief is available under antitrust

law, the district court should not dismiss the claim if there is any interpretation of the facts

alleged that would sustain a recovery under some viable antitrust theory. *See Banks v. National*

*Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 2336

(1993).

### 1.    Relevant Market

> As a prerequisite to any antitrust claim, plaintiff must allege a relevant market in which

the anticompetitive effects of the challenged activity can be assessed. *See Jefferson Parish*

*Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 29 (1984). "Without a definition of the relevant market,

there is no way to measure a company's ability to act as a monopolist." *United States v. Eastman*

<u>EXHIBIT C</u>

*Kodak Co.*, 63 F.3d 95, 104 (2d Cir. 1995).  A relevant market is comprised of a market for the specific product at issue, the market for reasonably interchangeable products, and a geographic market, the area in which sellers of the relevant product effectively compete.  *See United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 395 (1956).

Determination of the relevant geographic and product markets is a question of both fact and law. While factfinders consider evidence in order to determine relevant markets, *see, e.g., Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451 (1992); *R.D. Imports Ryno Indus., Inc. v. Mazda Distributors (GULF), Inc.*, 807 F.2d 1222 (5th Cir. 1987), courts can also determine the validity of the relevant market as a matter of law, *see, e.g., Doctors Hospital of Jefferson, Inc. v. Southeast Medical Alliance, Inc.*, 123 F.3d 301 (5th Cir. 1997)(holding as a matter of law that the relevant market could not be as narrow as was suggested by the plaintiff); *Alcatel U.S.A., Inc. v. DGI Technologies., Inc.*, 166 F.3d 772 (5th Cir. 1999)(granting judgment as a matter of law because the relevant market was insufficient). Where a plaintiff fails to sufficiently define the relevant market, a motion to dismiss may be granted. *See, e.g., Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F3d 430, 436 (3rd Cir. 1997); *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1025 (10th Cir. 1992).

In its December 2001 Order, the Court found that RTI had insufficiently pled a relevant market, and Ordered RTI to replead its product and geographic markets. This RTI has done, pleading a national geographic market and a product market of "hypodermic products", defined in the Second Amended Complaint as "disposable syringes and their needles and blood collection devices and their needles." SAC ¶ 22.

Defendants make two points in support of their argument that RTI has failed to plead a relevant market. First, they argue that RTI does not offer a consistent market definition. Second,

6

## EXHIBIT C

they argue that RTI's markets are insufficient as a matter of law.

In support of their first point, Defendants contend that RTI alleges six different markets in the SAC. While RTI does allege, as an alternative to the relevant product market defined above, leveraged product markets of winged IVs, catheter devices, dental syringes, and safety hypodermic products, as well as an alternate product market of non-safety hypodermic products, RTI correctly notes in its response to Defendants' motions that FRCP 8 permits a plaintiff to bring multiple claims in the same suit. While Defendants assert that RTI fails to explain how the products listed within its defined relevant markets are interchangeable or how such products constitute discrete product markets, the Court finds that such an inquiry goes beyond the analysis required in considering a motion to dismiss. The Court finds that RTI's definitions of a relevant market are sufficient to put Defendants on notice regarding the claims RTI is bringing against them.

Second, Defendants argue that as a matter of law, RTI's definition of relevant market is insufficient because RTI defines such market only in terms of products "purchased from Defendant Manufacturers." In neglecting to include itself as well as other manufacturers not named in the suit within the relevant market, Defendants argue that RTI runs afoul of the stipulation that it is improper to define a market by reference only to the defendant's products. *See, e.g.,* IIA Areeda & Turner, Antitrust Law ¶563d, at 314 (2002); *see also, Domed Stadium Hotel v. Holiday Inns,* 722 F.2d 480, 488 (5th Cir. 1984). In response, RTI argues that in reading the SAC in its entirety, and drawing all inferences in favor of RTI as the non-moving party, it is clear that RTI includes its own products within the relevant market. RTI additionally mentions the name of another product manufacturer, Terumo, not named in the lawsuit. The Court finds RTI's points well taken. As above, the Court finds RTI's definitions of a relevant market are

7

<u>EXHIBIT C</u>

sufficient to put Defendants on notice regarding the claims RTI is bringing against them.

### 2.   Support for Anti-Competitive Claims Alleged

Defendants assert that the SAC fails to state claims for exclusive dealing, price discrimination, leveraging, tying, price fixing, and a conspiracy to monopolize (brought by RTI under the Texas Free Enterprise and Antitrust Act (TFEAA)). Defendants argue that, as in the First Amended Complaint, RTI has failed to bolster its claims with factual support, and has instead lobbed conclusory allegations at Defendants. The Court does not agree.

Unlike the Complaint earlier at issue, the SAC provides specific examples of instances of anti-competitive conduct. Combined with RTI's detailed claims of anti-competitive behavior, these examples support RTI's allegations, as well as permitting reasonable inferences of such support to be drawn. At this stage of the pleading process, such support is sufficient to defeat Defendants' motions to dismiss.

### 3.   Support for State Law Claims

Defendants assert that the SAC fails to state claims for interference with existing and prospective contracts, business disparagement, civil conspiracy. In its previous Order, the Court discussed the legal requirements that must be met to make such claims. The Court finds that the SAC sufficiently addresses the Court's previous concerns. While RTI's allegations are still quite general, the Court again notes that RTI is only obligated at this stage of the pleadings to provide notice of its claims against Defendants. The Court finds that RTI's claims, supported by RTI's examples, sufficiently support RTI's allegations, or allow inferences that support RTI's allegations to be drawn.

### B.   Summary Judgment

Tyco filed its motion for summary judgment on February 25, 2002, and RTI filed its response on May 22, 2002. The Court understands that in the wake of filing its response, RTI

EXHIBIT C

and Tyco reached an agreement regarding additional discovery requests RTI made of Tyco. The parties did not have the benefit of this discovery in the briefing currently before the Court. The Court therefore DENIES Tyco's motion for summary judgment without prejudice, subject to refiling before the deadline for dispositive motions as provided in the Amended Scheduling Order.

## VI.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Dkt. Nos. 53, 54, and 57) are DENIED. Tyco's Motion for Summary Judgment (Dkt. No. 57) is DENIED WITHOUT PREJUDICE subject to refiling.

Signed this **2** day of August, 2002.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

9

EXHIBIT C