## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| SUTURE EXPRESS, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>CARDINAL HEALTH, INC., )<br>CARDINAL HEALTH 200, LLC, )<br>OWENS & MINOR, INC. and OWENS & )<br>MINOR DISTRIBUTION, INC. )<br><br>Defendants. ) | 2:12–cv–02760–RDR<br><br>Judge Richard D. Rogers |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Suture Express, Inc. has filed a First Amended Complaint against Defendants Cardinal Health, Inc., Cardinal Health 200, LLC, Owens & Minor, Inc., and Owens & Minor Distribution, Inc. (Plaintiff and each Defendant individually a "Party," and collectively, the "Parties") in the above-captioned litigation (the "Litigation");

WHEREAS, the conduct of the Litigation may involve the disclosure of trade secrets or other confidential proprietary, business, research, financial and commercial information;

WHEREAS, the Parties hereto seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a Party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, and that any Party may challenge any designation of confidentiality pursuant to this protective order;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the entry of this protective order (the "Protective Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED WITH THE COURT'S MODIFICATIONS that the following terms and conditions shall govern the disclosure and use of confidential information (including documents, testimony, answers to interrogatories, admissions, data, other materials and their contents) relating to Defendants' pending motions for dismissal based on lack of jurisdiction [Dkt. 23 – 26] in the Litigation:

1.     All information produced or discovered in this Litigation, regardless whether designated confidential, shall be used solely for the prosecution or defense of this Litigation, unless that information is or has become publicly available without a breach of the terms of this Order.

2.    To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information (defined in Paragraphs 3 and 4 below) to the parties in this Litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.  This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available.

3.    Subject to the protections provided in Rule 26 of the Federal Rules of Civil Procedure, this Order covers information that the disclosing party or non-party (hereafter "Source") designates as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" (collectively referred to as Confidential Information).   In designating information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," a party will make such designation only as to that information that it in good faith believes contains information meeting the respective definitions set forth below.

4.    Confidentiality designations:

A.    The designation "Confidential" shall be limited to information that the producing party ("Source") has determined, in good faith, contains, reflects, or reveals non-public, confidential, proprietary or commercial information that is not readily ascertainable through proper means by the public or the receiving party, to the extent that information either is the type of information that the Source normally attempts to protect from disclosure or is subject to privacy protection under federal, state or local law.

B.    The designation "Highly Confidential – Outside Counsel's Eyes Only" shall be limited to information that the Source has determined, in good faith, contains, reflects, or reveals trade secrets, non-public development, manufacturing, financial or pricing data, planned or unpublished intellectual property applications, business plans and strategies, documents relating to any confidential negotiations between a party and a non-party, or similar highly sensitive commercial information.

5.    To designate information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," a Source must so mark it or, in the case of a deposition or hearing transcript, designate it, as provided in this Order.  Either designation may be withdrawn by the Source.  The Source must mark each page of each document and/or each significant component of any other objects containing Confidential Information with the appropriate designation as required.   A cover letter can be used, if appropriate, to designate computerized data as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only."   Documents to be inspected shall be treated as "Highly Confidential" during inspection.  At the time of copying for the receiving parties, such appropriate documents shall be stamped prominently "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" by the Source.

6.     Accidental disclosure of Confidential Information does not waive the confidence otherwise attaching to the Confidential Information.  Upon a Source's discovery that information was not correctly designated, that Source shall provide notice to the other litigants that the information was inappropriately designated or inadvertently produced without a designation. The Source shall then have seven business days in which to redesignate the information.  In the interim the information may not be used in a manner inconsistent with the notice.  Parties will make a good faith attempt to limit confidentiality designations to documents within the scope of Paragraphs 4.A. and 4.B. of this Order.

7.     In the event that a party discovers that Confidential Information it has received has been disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the party responsible for the unauthorized disclosure shall immediately give notice to counsel of record for the Source who designated the information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," and shall describe the circumstances surrounding the unauthorized disclosure.  If a party fails to treat documents designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" in the manner provided herein, that party will immediately take such steps as are necessary to have such items placed under seal and/or restored to their confidential status.

8.     Fed. R. Civ. P. 26(b)(5)(B) shall be followed with regard to inadvertent production of information. Additionally, a lawyer who receives a document and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender, refrain from using the document in a manner inconsistent with this Order, and, upon notice from the sender, destroy the inadvertently produced information and provide the sender with notice of the destruction, or return it to the sender.

9.     Subject to the provisions of Paragraphs 12 and 14, information designated as "Confidential" may be disclosed to and used only by:

A.     employees, officers or directors of the parties having responsibilities related to the conduct of this Litigation;

B.     the Court, Court personnel, and members of the jury;

C.     Court reporters (including audio and video);

D.     special masters;

E.     mediators;

F.     parties' outside counsel;

G.     consulting or testifying experts of the receiving party who are not current employees, officers or directors of any party to this Litigation or any such party's affiliates and who have not been employed by any party other than the receiving party, or served as an officer or director of, any of the foregoing since January 1, 2003;

H.      document copying services or other document vendors utilized by the parties for the purpose of copying, imaging or organizing documents provided that all documents designated "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" are retrieved by the party furnishing those documents upon completion of this Litigation;

I.      others specifically identified and authorized in writing by the disclosing Source; and

J.      the direct staff of the persons identified in ¶¶ 9A-I.

10.     Subject to the provisions of Paragraphs 13 and 14, information designated as "Highly Confidential – Outside Counsel's Eyes Only" may be disclosed to and used only by:

A.      outside counsel for the parties;

B.      the Court, Court personnel, and members of the jury;

C.      Court reporters (including audio and video);

D.      special masters;

E.      mediators;

F.      consulting or testifying experts of the receiving party who are not current employees, officers or directors of any party to this Litigation or any such party's affiliates and who have not been employed by any party other than the receiving party, or served as an officer or director of, any of the foregoing since January 1, 2003;

G.      independent litigation support vendors, including document copying services or other document vendors utilized by the parties for the purpose of copying, imaging or organizing documents provided that all documents designated "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" are retrieved by the party furnishing those documents upon completion of this Litigation;

H.      others specifically identified and authorized in writing by the disclosing Source; and

I.      the direct staff of the persons identified in ¶¶ 10A-H.

This section shall not bar the parties' outside counsel from rendering advice to representatives for their respective clients or their affiliates or from conveying their evaluation of Highly Confidential – Outside Counsel's Eyes Only financial information in a general way, without disclosure of specific information.

-4-

11.     Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any information designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" Information is disclosed (other than Court personnel, outside counsel for a party and their respective direct staff) to be bound by the terms of this Order.  Such written agreement shall be in the form annexed hereto as Attachment A.  Copies of any such written agreements shall be maintained by counsel for each respective party.  A party that receives Confidential Information shall maintain a log of such written agreements through its counsel or outside counsel.  Within 90 days of the conclusion of this Litigation, counsel for the receiving party shall submit the log and copies of the underlying written agreements to the Source's outside counsel.

12.     Subject to the terms of this Order and to the Federal Rules of Civil Procedure, information designated as "Confidential" may be shown to a witness from whom testimony is being taken, or to a witness from whom testimony is to be taken, in this Litigation, but only after the witness has executed Attachment A to this Protective Order.

13.     Subject to the terms of this Order and to the Federal Rules of Civil Procedure, information designated as "Highly Confidential – Outside Counsel's Eyes Only" may be shown to a witness from whom testimony is being taken, or to a witness from whom testimony is scheduled to be taken, in this Litigation, under the following circumstances:

    A.     the witness has executed Attachment A to this Protective Order; and

    B.     the document was produced from the files of the party or entity that currently employs the witness, or that formerly employed the witness at the time the document was created, received or otherwise circulated; or

    C.     the examining or preparing party reasonably believes in good faith that the witness authored (in whole or in part) the information, received the information, or can be shown to have previously been in a position to have access to the information (and such witness may only be shown the particular portion of the information or material satisfying such requirement); or

    D.     the witness is a consulting or testifying expert as defined in Paragraph 9.G.

Documents and information designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" may not be used in the deposition examination or preparation of any witness except as provided for in paragraphs 12 and 13 herein, including persons formerly employed by the Source who are now affiliated with an adverse party, unless the Source consents to disclosure of the information or the Court permits disclosure of the information to the witness. In the event information designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" is to be shown to a witness, the witness shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she may be subject to sanction, including contempt, for violating the terms of this Order.  If the witness has refused to execute Attachment A as required by this Order, the admonition in the

immediately preceding sentence made on the record shall serve as a substitute for the execution of Attachment A and shall permit examination of the witness on documents or other materials containing "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" information. Witnesses may review deposition testimony of another witness designated "Highly Confidential" only with respect to matters that directly refer to the witness or describe statements made by or actions taken by such witness.   No individual who is shown "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" information or materials or testimony pursuant to paragraphs 12 and 13 of this Order shall be permitted to retain or keep copies of the confidential material or testimony shown.

14.     Subject to the terms of this Order and to the Federal Rules of Civil Procedure, information designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" may be shown to any person, under the following circumstances:

      A.     the person has executed Attachment A to this Protective Order; and

      B.     the document was produced from the files of the party or entity that currently employs the person, or that formerly employed the person at the time the document was created, received or otherwise circulated; or

      C.     the party showing the information reasonably believes in good faith that the person authored (in whole or in part) the information, received the information, or can be shown to have previously been in a position to have access to the information (and such person may only be shown the particular portion of the information or material satisfying such requirement).

15.     Deposition transcripts shall presumptively be considered to have been designated "Highly Confidential – Outside Counsel's Eyes Only" for a period of thirty days following receipt of the transcript.

      A.     During and following the thirty-day period, the deponent, his counsel, or any other party may designate all or portions of the transcript as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," which designation shall remain in effect for the duration of this Order. The deponent, his counsel, or another party making such a designation must advise counsel of record and the Court reporter of any changes to the original designation.   In the event there is a disagreement among the parties, or between the deponent and any party, as to whether testimony should be designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," the dispute shall be resolved per the procedures established in Paragraph 19 of this Order.

      B.     The parties will request that the Court reporter mark the face of the transcript appropriately.   If any portion of a videotaped deposition is designated pursuant to this paragraph, the parties will request that the

videocassette or other videotape or CD-ROM container be labeled with the appropriate legend. Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition and requesting that the Court reporter mark the face of the transcript appropriately in that event.

16. As required by Local Rule 5.4.6 regarding sealed documents, the parties will comply with the following procedures when seeking to file document sunder seal:

A. Motion. A party filing a motion for leave to file documents under seal in civil cases must file that motion electronically, under seal, in the Electronic Filing System.

B. Exhibit(s). The motion for leave to file under seal must attach as sealed exhibits the document(s) the party requests to be filed under seal.

C. Proposed Order. The party must email a proposed order to KSD_<Judge'sLastName>_chambers@ksd.uscourts.gov.

D. Provision to Other Parties. Finally, the party must simultaneously provide the document(s) it requests to be filed under seal to all other parties in the case.

17. The use of Confidential Information in hearings shall be subject to the following:

A. Subject to Paragraph 17.B, a party may refer to Confidential Information in public proceedings. The use of Confidential Information at trial shall be addressed in the final pre-trial Order, except that the words "Confidential" and "Highly Confidential – Outside Counsel's Eyes Only" shall be removed from documents before such documents are used at trial. The removal of those words shall not affect the protections afforded to the Confidential Information itself.

B. Any party that reasonably believes it will disclose Confidential Information in any public proceeding before the Court may so inform the Court and the Source at least 48 hours in advance of actual disclosure. The Court may decide what precautions, if any, are appropriate to protect the Source's Confidential Information, including whether exhibits containing Confidential Information shall be filed under seal to maintain their confidentiality and whether and how exhibits containing Confidential Information may be shown to witnesses.

C. The Source must designate portions of transcripts of public proceedings as confidential within thirty days of receipt. If the disclosing Source is not a party, the party using the information must confer with the Source regarding such designation-

-7-

18.     This Order applies equally to information obtained by or produced in response to any subpoena, including information produced by non-parties.

19.     The following procedures shall govern any disputes as to confidentiality designations:

> A.     If a party reasonably believes that information should not be designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," it may notify the Source in writing of (a) the information at issue; and (b) its grounds for questioning the confidentiality designation.  The Source must respond in writing within ten business days, or within such additional time as is reasonable (taking into account the number of documents or other information at issue) and is agreed to by counsel or as Ordered by the Court.  If the party challenging the confidentiality designation is still not satisfied, it may move the Court to lift the confidentiality designation, with the Source having the burden of proof to justify the designation.  Until the Court rules, the confidentiality designation shall remain in effect.  If the Court rules that the information should not be restricted, the original designation shall remain in effect for five business days after the Court's Order, unless otherwise ordered by the Court. A party shall not be obligated to challenge the propriety of the confidentiality designation of any material under this Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

> B.     If a party reasonably believes that information (i) not originally designated as either "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," or (ii) designated as "Confidential," should be designated as either "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," it must notify the other party in writing of (a) the information at issue, and (b) its grounds for seeking to change the confidentiality designation ("Designation Change Notice").  The recipient of the Designation Change Notice must respond in writing within ten business days, or within such additional time as is reasonable (taking into account the number of documents or other information at issue) and is agreed to by counsel or as Ordered by the Court.  If the party seeking to change the confidentiality designation is still not satisfied, it may move the Court to designate the information in a manner consistent with the Designation Change Notice related thereto, with the party seeking the changed designation having the burden of proof to justify the changed designation.  Until the Court rules, the information shall be treated with the higher level of confidentiality being sought in the Designation Change Notice.

> C.     Any person shall be entitled to challenge the sealing of any Confidential Information which has been filed with the Court by filing a motion with the Court requesting that documents be unsealed.  In the event of such a motion, the Source of the Confidential Information shall bear the burden

of demonstrating to the Court that the Confidential Information is properly held under seal.

20.     When serving subpoenas on non-parties, a copy of this Order (including Attachment A) shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Order. This protective order, however, is not binding on non-parties unless the non-party agrees to the terms of Attachment A or under the circumstance of paragraph 13.

21.     No document treated as confidential under this Protective Order may be submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to submit into evidence such documents under seal.

22.     Nothing in this Order shall prevent a party from using or disclosing its own information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order. Additionally, nothing in this Order shall prevent disclosure beyond the terms of this Order if the Source consents in writing to such disclosure, or if a court orders such disclosure

23.     All information and material designated under this Order shall be kept in secure facilities in a manner intended to preserve confidentiality. Access to those facilities shall be permitted only to those persons set forth in Paragraphs 9 and 10 above as persons properly having access thereto. The recipient of any information or materials designated under this Order shall use its best efforts, but at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information or materials

24.     Within ninety days of final termination of this Litigation, the parties must return to the Source or destroy information containing Confidential Information, and shall so certify within that period (although the parties shall not be required to locate and delete such material from backup tapes or other emergency storage facilities that are not readily accessible). Notwithstanding the prior sentence, outside counsel for each party to the Litigation shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product including such materials containing, quoting, discussing or analyzing confidential material, provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits or attorney work product to any person unless after reasonable prior notice to the Source, the disclosing counsel has obtained permission pursuant to Court order or by agreement with the Source. The confidential materials kept by outside counsel pursuant to this subparagraph shall be maintained in accordance with the terms of this Stipulated Protective Order.

25.     Any party or person receiving Confidential Information covered by this Protective Order that receives a request or subpoena for production or disclosure of Confidential Information shall promptly give written or facsimile notice to the Source and counsel for all parties, identifying the information sought and enclosing a copy of the subpoena or request. The party or person subject to the subpoena or other request shall not produce or disclose the requested information without consent of the Source or until Ordered to do so by a Court of

competent jurisdiction, provided that the Source makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum.

26.     Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any foreign parent or affiliate of any party, that such a foreign parent or affiliate of any party is subject to personal jurisdiction in this Court or that discovery as to such foreign parent or affiliate of any party shall proceed pursuant to the Federal Rules of Civil Procedure.

27.     If and when this litigation proceeds to merits discovery, the parties intend to enter into a global stipulated protective order for the Litigation that would superseded this Order.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2013, at Topeka, Kansas.


_s/_ K. Gary Sebelius_____
K. Gary Sebelius
U.S. Magistrate Judge

# ATTACHMENT A

# TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SUTURE EXPRESS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12–cv–02760 RDR |
| | ) | |
| CARDINAL HEALTH, INC., | ) | Judge Richard D. Rogers |
| CARDINAL HEALTH 200, LLC, | ) | |
| OWENS & MINOR, INC. and OWENS & | ) | |
| MINOR DISTRIBUTION, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has read the attached Protective Order entered in the United States District Court for the District of Kansas, in the litigation known as *Suture Express, Inc. v. Cardinal Health, Inc., et al.*, Civil No. 12-cv-2760, and understands the terms thereof and agrees to be bound by such terms.  The undersigned further acknowledges and understands that a violation of the Protective Order could be punishable as a contempt of Court.

Dated: _____         _____
                                    Signature


                                    _____
                                    Print or Type Name


                                    _____
                                    Employer or Organization