IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SUTURE EXPRESS, INC.,**

    **Plaintiff,**

v.

**OWENS & MINOR DISTRIBUTION, INC., AND CARDINAL HEALTH 200, LLC,**

    **Defendants.**

Case No. 12-2760-DDC-KGS

### NOTICE OF UNSEALING AND ORDER

The Court has placed today's Memorandum and Order (Doc. 310) ruling on the parties' summary judgment motions on the CM/ECF docket as a sealed order. But this status is merely a temporary one. This Order explains why, and also establishes the procedures the Court will follow to unseal the order. Our Circuit long has recognized a common-law right of access to judicial records. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The public's right to access judicial records is not an absolute one and, in some circumstances, the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149. A party hoping to overcome the presumption of access must shoulder the burden to establish a significant interest that outweighs the presumption of access. *Id*. No doubt exists: Documents submitted to the court for consideration in connection with a summary judgment motion amount to "judicial records" and the strong presumption of public access attaches to them. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122–23 (2d Cir. 2006) (collecting cases and suggesting that the presumption of access is at its highest in connection with summary

1

judgment motions); *see also New York Times Co. v. United States Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) (sealing requires "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); *New Jersey v. Sprint Corp.*, No. 03-20171-JWL, 2010 WL 5416837, at *1 (D. Kan. Dec. 17, 2010).

Consistent with this precedent, the Court adopts the following procedures:

(1)  The parties promptly shall meet and confer to determine whether any aspect of the Court's Memorandum and Order should remain, consistent with the standards outlined above, under seal.  For purposes of this requirement, a telephone or video conference may satisfy the "meet" portion of this directive.

(2)  If any party contends that any aspect of the Memorandum and Order qualifies for sealed status, that party must file, no later than March 11, 2016, a notice:  (a) identifying all portions that purportedly should remain sealed; and (b) briefly explaining why that passage deserves sealed status.  The parties may use any effective and efficient method to convey this information, *e.g.*, interlineation.  The Court requests the parties to consolidate any such submissions into one filing to facilitate review.  When making the decision whether to request continued sealing, the Court asks the parties to remember that much of the information cited in the order is now more than four years-old and likely of little competitive or proprietary value.

(3)  If any party files a notice like the one described in paragraph (2), the Court promptly will convene a telephone conference with counsel to consider and rule on the requests.  **If no such notion is filed on or before March 11, 2016, the Court will place its entire Memorandum and Order, unsealed, on the public CM/ECF docket on March 14, 2016.**

**IT IS SO ORDERED.**

**Dated this 3rd day of March, 2016, at Topeka, Kansas**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**