IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SUTURE EXPRESS, INC.,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**OWENS & MINOR DISTRIBUTION, INC., AND CARDINAL HEALTH 200, LLC,**<br><br>   **Defendants.** | Case No. 12-2760-DDC-KGS |

## ORDER

  The Court previously placed the Memorandum and Order (Doc. 310) ruling on the parties' summary judgment motions on the CM/ECF docket as a sealed order. The Court also notified the parties that it intended to place the entire Memorandum and Order, unsealed, on the public CM/ECF docket unless the parties identified portions of it that warranted limited access. *See* Notice of Unsealing and Order (Doc. 312).

  On March 14, 2016, the parties filed a Joint Notice of Portions of Memorandum and Order to Redact (Doc. 318), attaching a copy of the Memorandum and Order with proposed redactions (Doc. 319). After reviewing the parties' submissions, the Court convened a telephone conference with the parties on April 1, 2016. During that conference, the Court explained its intention to issue an Amended Memorandum and Order that publically discloses most, but not all, of the information contained in the Memorandum and Order (Doc. 310).

  In reaching these conclusions, the Court is guided by the standard governing the right of access to judicial records. The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted).  But this right is not an absolute one.  *Id.* at 598.  For example, a court has power to deny access to "sources of business information that might harm a litigant's competitive standing."  *Id.* (citations omitted).  A party may rebut the presumption of access to judicial records by demonstrating that "countervailing interests heavily outweigh the public interests in access."  *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted).  The party seeking to deny access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumption of access.  *Id*. (citation and internal quotation marks omitted).

      This legal standard requires federal courts to assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection.  When engaging in this endeavor, the case authority confers substantial discretion on district judges.  *See*, *e.g.*, *Nixon*, 435 U.S. at 599; *see also Mann*, 477 F.3d at 1149.  They must utilize this discretion "in light of the relevant facts and circumstances of the particular case."  *Nixon*, 435 U.S. at 599.  And a reviewing court generally will not disturb a decision "to keep the case file public" unless it holds "a definite and firm conviction that [the district judge] made a clear error of judgment or [one that] exceeded the bounds of permissible choice in the circumstances."  *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

      When exercising this discretion, the Court is mindful that taxpayers fund the cost of court operations.  They thus hold a substantial stake in what happens in our courtrooms and the decisions that judges make there.  Also, the public's faith in court rulings is important to the rule of law.  Having access to court decisions, and the reasoning that produces them, helps inspire such faith.  While both of these factors favor access and transparency, our law also recognizes that some exceptions exist.  When a piece of information or a data point qualifies for restricted

access, the Court should make that restriction no greater than necessary to serve the interest deserving protection.

Turning to the circumstances presented here, the parties have demonstrated that confidentiality considerations heavily outweigh the public's right to access in a few instances.  In those instances, the Court's Amended Memorandum and Order uses generic language to describe certain information without revealing the particular identities of third parties or confidential business information.  But, in other instances, the Court denies the parties' requested redactions because the specific information is essential to the Court's summary judgment analysis, and, thus, the public's interest in access to that information outweighs the confidentiality concerns.  The forthcoming Amended Memorandum and Order identifies the portions that the Court has rephrased for this purpose.

Finally, the Court believes that this approach preserves the integrity of the appellate review that already has begun.  To the extent that specific data or identities matters to appellate review of the Court's decision, the sealed version of the Court's Memorandum and Order dated March 3, 2016 (Doc. 310) contains all of that information.

**IT IS SO ORDERED.**

**Dated this 7th day of April, 2016, at Topeka, Kansas**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**